WHITING LUMBER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29071. Promulgated December 16, 1930.

*William S. Cole, Esq.,* for the petitioner.
*P. M. Clark, Esq.,* for the respondent.

722

OPINION.

Smith: The petitioner alleges, first, that the respondent erred in including in its taxable income for 1921 the amount of $10,000 representing the gross amount received in that year from the sale of the water-power rights to the city of Lubec. We are unable to deter-

mine from the computation attached to the deficiency notice, or from any other information before us, just what action the respondent has taken with respect to the $10,000 item, but at the hearing counsel for the respondent stated that it is respondent's position that these water-power rights had no value when acquired by the petitioner in 1917 and that the $10,000 received therefor by the petitioner in 1921 is taxable as a profit of that year.

Section 202 of the Revenue Act of 1921 provides that, with certain exceptions not material here, the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property.

The cost of the water-power rights to the petitioner was their fair market value at the date of acquisition. *Rouse, Hempstone & Co.*, 7 B. T. A. 1018; *John Glackner Realty Corporation*, 11 B. T. A. 151. It is the unchallenged testimony of petitioner's witnesses that the value of the water-power rights in 1917 was no greater nor less than the value in 1921 when sold for $10,000. We are convinced that this is the true situation and that there was neither gain nor loss from the transaction.

The second allegation of error is with respect to respondent's inclusion in gross income of the amount of $25,000 received by the petitioner from McKay in 1921 under the terms of the agreement of October 15, 1920. The petitioner contends that this amount represents a return of capital in the form of a depletion charge covering the timber removed by McKay and was not income. This contention is not sustained. The amount in question was clearly a part of the gross sale price of the entire property received by the petitioner during the taxable year 1921. While the original sale agreement between the petitioner and McKay may not have called for a payment in 1921 of more than $40,000 (the agreement was not offered in evidence nor otherwise proven), the agreement of October 15, 1920, permitted an additional payment, to cover the timber removed, which, if made, was to apply against the original purchase price. The petitioner apparently credited the $25,000 against the installment payment for the next succeeding year and reported it in that year. The statute requires that income be reported for tax purposes in the year when received by the taxpayer. The disputed amount represents a part of the sale price of the properties as a whole, and, having been received by the petitioner in 1921, is taxable in that year.

*Judgment will be entered under Rule 50.*